**Dildar DOABA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74049.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted March 12, 2007 *.

Filed March 16, 2007.

Vinay R. Chari, Esq., Law Offices of Virender Kumar Goswami, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, James A. Hunolt, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Brian J. McCabe, U.S. Department of Justice Civil Division/Torts Branch, Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

### MEMORANDUM **

Dildar Doaba, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order summarily affirming the Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's adverse credibility finding, *Kaur v. Gonzales,* 418 F.3d 1061, 1064 (9th Cir.2005), and we deny the petition for review.

The record does not compel the conclusion that Doaba was credible where several documents he submitted inexplicably failed to corroborate his story of persecution. *See Malhi v. INS,* 336 F.3d 989, 993

(9th Cir.2003) (an adverse credibility determination should be upheld unless the evidence compels a contrary conclusion). Without credible testimony, Doaba failed to establish eligibility for asylum, withholding of removal, or relief under CAT. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003). We reject Doaba's contention that the IJ violated his due process rights. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) ("To prevail on a due process challenge … [a petitioner] must show error and substantial prejudice.").

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

